# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION-FLINT

**IN RE:**

| | |
|---|---|
| **RAY G TALLERDAY,** | **Case No. 10-36277-DOF** |
| **LISA M TALLERDAY,** | **Honorable Daniel Opperman** |
| | **Chapter 13** |
| **Debtor.** | |

_____/

## OBJECTIONS TO CONFIRMATION

**NOW COMES** Gordon Fairbanks, a creditor in this matter, by and through his attorneys, MARRS & TERRY, PLLC and objects to confirmation of the Chapter 13 plan in the above matter pursuant to L.B.R. 3015-3(a)(E.D.M.) as follows:

1. Debtor husband is a self-employed attorney who represents clients in Chapter 13 cases. He has filed several Chapter 13 bankruptcies within the time frame that would indicate he is owed money for those cases which have not been confirmed. The failure to list those funds which he will receive for cases which have not been confirmed is a violation of 11 U.S.C. 521 which results in the Debtors' Plan failing to comply with 11 U.S.C. §1325.

2. Debtor husband has failed to list any outstanding money which he is owed for chapter 13 bankruptcy cases that have been confirmed. The failure to list those funds which he will receive for cases which have been confirmed, but not paid in full by the Chapter 13 trustees, is a violation of 11 U.S.C. 521 which results in the Debtors' Plan failing to comply with 11 U.S.C. §1325.

3. Debtors' plan was not filed in good faith as required by 11 U.S.C. §1325(a)(7):

    a. Debtors have filed their case in the Flint Division; which is improper forum shopping.

    b. Debtors have filed their plan without completing the pre-filing briefing course (credit counseling) within 180 calendar days **prior** to the date of filing of the case.

    c. Debtors filed this case knowing that the case was not confirmable as a result of the debtors' failure to file income tax returns.

d. Debtors' Form 22C was prepared by an examination of the Husband's records without using exact figures for either income or expenses on the form. As Debtors are very near median household income for a family of three, the failure to use accurate numbers may also affect the required length of the plan.

e. Debtors' Plan proposes to pay Debtor husband $3000.00 as an administrative attorney fee expense.

f. Debtor values the bank accounts at TCF Bank and PNC Bank at $0 on the date of filing, despite his testimony at the First Meeting of Creditors that he did not know the value of those accounts on the date of filing.

g. Debtor omitted assets on Schedule B, specifically, any accounts receivable from his law practice.

h. Debtor failed to identify any creditor in Schedule E despite treating creditors in Class 6 of the Chapter 13 plan.

i. Debtors fail to provide a detailed Business Income & Expense attachment to Schedules I & J.

4. Debtors' plan fails to provide the value that each unsecured claim would receive if the estate of the debtors were liquidated under Chapter 7 as required by 11 U.S.C. §1325(a)(4).

5. Debtor testified at the First Meeting of Creditors (which has not been concluded) that he stayed at the property in Howell, Michigan a few weeks at a time. This property was owned by his son, but has been foreclosed upon. He further testified that his wife (co-debtor) resided in Chelsea. The filing of this case in the Flint division constitutes bad faith as it is the result of improper forum shopping.

6. The Debtors have failed to file all tax returns as required by 11 U.S.C. §1325(a)(9).

7. Joint-Debtor wife has begun a job; however there is no income listed on Schedule I for her. Debtors fail to provide for all disposable income for the applicable commitment period as required by 11 U.S.C. §1325(b)(1)(B).

8. The following expenses are unreasonable and unnecessary thereby affecting the funds available to unsecured creditors:

a. Rent of $1700 for a rental house in Chelsea, Michigan.

b. Cell Phone expense of $200 per month.

c.  $500 per month for transportation.


**WHEREFORE**, the Debtor respectfully requests this Honorable Court deny

Confirmation of Debtors' Chapter 13 Plan.

Respectfully submitted,

/s/ Jeffrey G. Bennett
Jeffrey G. Bennett (P43946)
MARRS & TERRY, PLLC
Attorneys for Debtor
6553 Jackson Rd.
Ann Arbor, MI 48103
mandtecf@gmail.com

Dated: January 3, 2011

IN RE:

| | |
|---|---|
| **RAY G TALLERDAY,** | **Case No. 10-36277-DOF** |
| **LISA M TALLERDAY,** | **Honorable Daniel Opperman** |
| | **Chapter 13** |
|      **Debtor.** | |
| _____/ | |

## CERTIFICATE OF SERVICE

     Jeffrey G. Bennett states and certifies that on January 3, 2011, he did serve a copy of the following documents, Objections to Confirmation, on the following parties:

     Ray & Lisa Tallerday

by electronically serving the aforementioned documents using the ECF system.

MARRS & TERRY, PLLC

By: /s/     Jeffrey G. Bennett
   Jeffrey G. Bennett (P43946)
   Attorney for Defendant
   6553 Jackson Road
   Ann Arbor, Michigan 48103
   (734) 663-0555
   mandtcecf@gmail.com

Dated: January 3, 2011